UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| LEE ELAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 14-217-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL E. LEDFORD, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Under Kentucky law, expert testimony is not needed to establish that certain injuries are caused by an accident if the injuries are so readily apparent that a lay person would recognize their origin.  Expert testimony is needed, however, if the injured party has a history of complaints substantially similar or identical to the injury claims which are the subject of the litigation.

Plaintiff Lee Elam has been treated for various injuries and medical conditions affecting his back, neck and leg for approximately 27 years.  On October 19, 2012, Elam's vehicle was rear-ended by a semi-truck driven by Defendant Michael Ledford and owned by Defendant Pittman Trucking, Inc.  Elam's vehicle received minor damage. The vehicle was not repaired and remains operable.  [*See* Record No. 24; Exhibit No. 3, Elam Depo. at pp. 18 - 33.]

-1-

Following the accident, Elam was transported to a local hospital, complaining of neck and low back pain. [*Id*. at p. 25] As explained more fully below, Elam has a documented history of pain similar to the pain he claims was caused by the October 19, 2012, automobile accident. However, he has not identified an expert trial witness to differentiate his current, alleged injuries from pre-existing injuries, medical conditions and resulting pain. As a result, summary judgment is proper and will be entered in favor of the defendants.

## I.      Procedural History

This action was filed in the Bell Circuit Court on October 17, 2014. The matter was removed to this Court less than one month thereafter. [Record No. 1] After reviewing the parties' joint report of meeting held pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, a Scheduling Order was entered on December 23, 2014. [Record No. 8]

The Scheduling Order contains several deadlines relevant to the present motion. Initially, in paragraph (1), the parties were directed to exchange information required by Rule 26(a)(1) by December 31, 2014. In response, the plaintiff identified a number of individuals likely to have discoverable information regarding the issues in dispute. In paragraph 7, the Elam identified "[p]otential expert witnesses, who have not yet been identified, who will testify as to the extent of Plaintiff's injuries, damages, and any other issues within the expert's field of knowledge which is relevant to this action." [Record No. 24-11]

The Scheduling Order also required the plaintiff to disclose the identity of expert witnesses who may be used during trial and provide their reports as Required by Rule 26(a)(2) of the Federal Rules of Civil Procedure by no later than May 8, 2015. However, the

plaintiff did not provide any expert reports or identify any potential expert trial witnesses, other than treating physicians.[1]

The parties were required by the Scheduling Order to complete all fact and expert discovery no later than August 7, 2015. [Record No. 8]  Pursuant to paragraph (8) of the Scheduling Order, Defendants Ledford and Pittman Trucking moved for summary judgment on September 3, 2015. [Record No. 24]  In support, they contend that summary judgment is proper because, without expert testimony, Elam cannot prove that his alleged back and neck injuries were caused by the October 2012 accident.  The plaintiff has not responded to the motion for summary judgment within the time provided by the Local Rules.  As a result, the Court will evaluate the motion without the benefit of a response.

## II.    Undisputed Facts

The following summary of undisputed facts is taken largely from the defendant's supporting memorandum and attached documents.  [*See* Record No. 24-1 through Record No. 24-12.]

- Elam was involved in a serious industrial accident in February 1988.  His leg was broken in three places.  Elam was subsequently diagnosed with permanent

---

[1]     In response to defendants' interrogatory requesting the identities of persons with knowledge concerning any of the allegations in the Complaint or other discoverable matter, the plaintiff identified Juanita Elam, Dr. Jacqueline Eugenio and Dr. Ronald Durbin.  Elam stated that Drs. Eugenio and Durbin would testify "as to the nature and extent of [the plaintiff's] injuries.  [Record No. 24-12]

In response to defendants' interrogatory requesting that the plaintiff state with particularity each and every injury allegedly suffered as a result of the accident, Elam stated: "[w]hiplash; range of motion decreased in neck; and pain in back."  [*Id.*]

nerve damage causing chronic pain (hereafter, Reflex Sympathetic Dystrophy or "RSD"). Following the accident, Elam was determined to be totally disabled and he commenced receiving disability benefits that same year. The plaintiff has not worked since 1988 as a result of the accident. [Record No. 24-3, pp. 9, 37-38, and 41]

- Elam has received consistent treatment for the injuries he suffered in 1988, together with treatment for other injuries and ailments.

- On July 3, 1989, Elam received treatment for complaints of pain in his neck, particularly on the left side, pain in the left shoulder, and inability to raise his arm, pain on the left side of his upper back, both sides of his lower back, particularly left hip pain, and pain in his left leg, especially from the knee down to the foot. [*Id*. at pp. 44, 51-52]

- On September 30, 1989, one of Elam's doctors recommended long-term use of narcotic medications to alleviate complaints of pain. Since that time, Elam has taken pain medication prescribed by his doctors. [*Id*. at pp. 56-57]

- Medical records confirm that, on September 14, 2006, Elam experienced "arthritic changes of the lumbar spine. [*Id*. at p. 57]

- In October 2006, Elam's treating physician noted that he had suffered from chronic pain and depression since 1988 and had developed gallstones, kidney stones, gout, osteoarthritis, hypertension, and osteopenia. [*Id*. at p. 59]

- In November 2006, a radiology report from Appalachian Regional Healthcare in Middlesboro, Kentucky, noted that Elam suffered degenerative problems in his lower back. One month later, a treating physician noted that Elam had s slipped disc in his back, together with osteoporosis and arthritis in his back. Doctors notes also indicate that Elam has "limped for many years, actually almost 20 years, because of his RSD problem and that could aggravate any underlying disc problems he has in his lower back." [*Id*. at pp. 60-62; Record No. 24-5]

- A January 2007 medical record indicates that Elam continued to experience "back pain problems, depression, burning sensation in [his] head and part of [his] spine" together with migraines. [Record No. 24-3, pp. 63-64]

- In January 2008, Elam continued to seek treatment for severe back pain associated with RSD. [*Id*. at p. 66]

- A scan was conducted on Elam's cervical spine on September 30, 2009, resulting in a diagnosis of headaches, neck pain, degenerative arthritis, and degenerative disc issues. [*Id*. at p. 67]

- On January 12, 2012, Elam was treated for constant pain associated with RSD. According to the plaintiff, this pain interfered with sleep, daily activities, work and relationships. During this time, Elam complained of dizziness, headaches, migraines, back pain, neck pain, and restricted motion. [*Id*. at pp. 69, 71; Record No. 24-7]

- On April 9, 2012, Elam continued to complain of chronic pain.  At that time, he advised his treating physician that he had been involved in an automobile accident.  During the visit, Elam again claimed to suffer from back pain, neck pain, and restricted motion.  [Record No. 24-3, pp. 71-72; Record No. 24-8]

- On July 16, 2012, Elam again advised his treating physician that he was suffering from severe low back pain and left side pain.  [Record No. 24-3, pp. 73-74; Record No. 24-9]

- On October 19, 2012, Elam was involved in the motor vehicle accident which forms the basis for his current action.  On that date, the vehicle he was driving was struck from behind by a semi-truck driven by Ledford and owned by Pittman Trucking.  [Record No. 24-3]

- Elam's vehicle sustained damages of approximately $800 to $900.  The areas of the vehicle damaged included the rear bumper, a seat bracket, and a rear taillight.  Elam's vehicle remained operable following the accident.  [Record No. 24-3, pp. 21, 33]

- Following the October 2012 accident, Elam was transported to a local hospital complaining of neck pain and lower back pain. He was later released from the hospital on the same date.  [Record No. 24-3, pp. 25-27]

- Since the October 2012 vehicle accident, Elam has continued to receive treatment for his RSD condition, consistently rating his pain associated with that condition as a 8 to 9 on a scale of 1 to 10.  Further, he continues to take

pain medication associated with this condition.  Elam describes the pain associated with his RSD condition as constant, affecting his ability to sleep and enjoy life.  [Record No. 24-3 pp. 76, 81-83, and 96-97]

- During treatment on the day of the subject accident, a cervical spine scan revealed "old spinous process fractures from C2 through C4.  The scan also revealed degenerative changes at multiple levels of the cervical spine with severe spinal canal stenosis.  [Record No. 24-3, pp. 77-78]

- The plaintiff has failed to produce any evidence that the pain experienced in his neck and back is either causally related to the auto accident or exacerbated by the accident.

## III.    The Summary Judgment Standard

This action is pending in this Court based on diversity jurisdiction under 28 U.S.C. § 1332.  Kentucky's substantive law will be applied to the issues presented.  *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 (1938); *Raw v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006).  However, federal procedural law will govern, as applicable, including establishing the standard for evaluating the defendants' motion for summary judgment. *Weaver v. Caldwell Tanks, Inc.* 190 F. App'x 404, 408 (6th Cir. 2006).

Summary judgment is appropriate when there are no genuine disputes regarding any material facts and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002).  A dispute over a material fact is not "genuine" unless a

reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

The party moving for summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). Once the moving party has met its burden of production, the nonmoving party must present "significant probative evidence" of a genuine dispute in order to defeat the motion for summary judgment. *Chao*, 285 F.3d at 424. The nonmoving party cannot rely upon the assertions in its pleadings; instead, it must present probative evidence, such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324.

A party's failure to respond to a motion for summary judgment is not sufficient, standing alone, to grant the motion. In other words, summary judgment by default is not proper. *See Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419, 2005 U.S. App. LEXIS 417, **3-4 (6th Cir. 2005) (*per curiam*). Thus, in deciding whether to grant summary judgment, the Court must nevertheless view all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

To prove a claim of negligence, Elam must prove four elements: duty, breach of duty, causation, and damages. *Landel v. The Kroger Co.*, 2015 Ky. App. Unpub. LEXIS 45, *7

(Ky. App. 2015) (citing *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992)). "The absence of proof on any one of the required elements is fatal to a negligence claim." Id. at *8 (citing *M&T Chemicals, Inc. v. Westrick*, 525 S.W.2d 740, 741 (Ky. 1974)). Here, the defendants do not take issue with the first two elements of his negligence claim. However, they argue that, without expert testimony, Elam cannot show that the damages he alleges were caused by the defendants' actions.

As a general proposition, Kentucky law requires expert testimony to prove that an accident was the legal cause of a medical injury unless the causation is so apparent that "laymen with generalized knowledge would have no difficulty in recognizing it." *Blair v. Geico Gen. Ins. Co.*, 917 F.Supp.2d 647, 657 (E.D. Ky. 2013). *See also McFerrin v. Allstate Property and Cas.* Co., 29 F.Supp.3d 924, 934-35 (E.D. Ky. 2014), and *Goodwin v. CSX Transp., Inc.*, 2010 US Dist LEXIS 112492, *2 (W.D. Ky. Oct. 21, 2010). Under these authorities, in circumstances where a plaintiff has pre-existing injuries to the same part of the body alleged to have been injured in the subject accident, causation is not so readily apparent that a lay person would recognize it without the assistance of expert testimony.

In the present case, the plaintiff has not identified an expert witness who intends to establish the necessary causal link. As outlined above, medical records and admissions by the plaintiff indicate that he suffered prior existing injuries to his leg, neck and back causing substantial, ongoing pain and discomfort. Without expert testimony, a juror would be unable to determine how much of Elam's current pain and distress is attributable to long-standing arthritis, degenerative disc issues, RSD, and other pre-October 2012 medical conditions.

Additionally, Elam's general denial of neck problems prior to the accident is insufficient to overcome the substantial medical and other evidence presented by the defendants which contradicts the plaintiff's denials. Likewise, he cannot rely upon discovery responses that he intends to provide the identity and reports of experts after the deadline for providing such information has passed. *McFerrin*, 29 F.Supp.3d at 930-35; *Robertson v. Holt*, 2015 US Dist LEXIS 85549 (E.D. Ky. July 1, 2015). While Elam's treating physicians may be able to testify regarding the care they have provided, they may not go beyond that testimony and offer opinions regarding causation without being designated as experts and their reports properly and timely provided.

### IV.    Conclusion

Without expert testimony, the plaintiff cannot establish that the neck and back injuries and accompanying pain that he suffers was caused by the October 19, 2012 automobile accident. There are no material factual issues in dispute and the defendants are entitled to entry of judgment in their favor. Accordingly, it is hereby

**ORDERED** as follows:

1.    Defendants' Motion for Summary Judgment [Record No. 24] is **GRANTED**.

2.    This action is **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

This 7th day of October, 2015.



Signed By:
*Danny C. Reeves*  DCR
**United States District Judge**